# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In** Re:  Case No. 15-53145-MLO

INTEGRATED HEALTH GROUP, P.C.,  Chapter 7

Debtor.  Hon. Maria L. Oxholm

_____/

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Basil T. Simon, chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the captioned debtor ("Debtor"), hereby requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### Background[1]

3. On or about September 3, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. On or about September 3, 2015, the Trustee was appointed as chapter 7 trustee for the Debtor's Estate.

5. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with the Trustee's power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6. The Trustee has determined that there might exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). Potential unknown assets might include unscheduled refunds, overpayments,

---

[1] The Trustee submits these factual statements supporting the relief requested herein in lieu of a declaration, but is prepared to file a separate supporting declaration if preferred and requested by the Court.

deposits, judgments, claims, or other payment rights that would accrue in the future.

7. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets, and certainly none that could return value to the Estate greater than the Purchase Price. Accordingly, the Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

8. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

9. The Trustee and Oak Point have negotiated an agreement ("Purchase Agreement") for the sale of the Remnant Assets, substantially in the form attached hereto as Exhibit A.

10. The Purchase Agreement generally provides for a purchase price of $10,000 ("Purchase Price") for all Remnant Assets to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate. The negotiations were conducted at arm's length and in good faith. The Trustee has no connection to Oak Point, and is unaware of any relationship between Oak Point and the Debtor, the Debtor's principals, or its agents. Further, there is no evidence of bad faith or a lack of good

3

faith.

11. In accordance with the Purchase Agreement, the Remnant Assets specifically exclude (a) cash held at the time of the Purchase Agreement in the Trustee's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[2] (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Trustee relating to Remnant Assets specifically acquired in the Purchase Agreement; and (e) the Purchase Price for the Remnant Assets.

12. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes

---

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

## **Bidding Procedures**

13. Contemporaneously herewith, the Trustee has filed a notice of the Motion ("Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court ("Response Deadline").

14. The Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement. Notwithstanding, in the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the Trustee's application of the overbid procedures set forth below (collectively, "Bidding Procedures"), the practicality and efficiency of which serve the best interests of the Debtor's Estate and creditors:[3]

   a. Each Competing Bidder who wants to participate in the overbid process must present the Trustee with a written overbid on or before the Response Deadline set forth in the Notice;

   b. any Competing Bidder for the Remnant Assets must purchase the Remnant Assets under the same terms and conditions set forth in the Purchase Agreement, other than the Purchase Price;

   c. a first overbid by a Competing Bidder for the Remnant Assets must be

---

[3] The Trustee makes this request out of an abundance of caution to protect the interests of the Debtor's Estate and its creditors. Trustees too often receive sale inquiries that merely suggest an interest in bidding but are not actual overbids, resulting in unnecessary time and expense to the estate if they must prepare for an auction and hearing all for naught. The Trustee understands that the Bidding Procedures may be considered mooted in the absence of a Competing Bidder.

5

at least $3,000 more than the Purchase Price, or a total of $13,000;

d. a written overbid submitted by any Competing Bidder must be accompanied by a Cashier's Check to the Trustee in the amount of such Competing Bidder's first overbid;

e. in the event of an overbid that meets the foregoing conditions (each, a "Qualified Bid"), the Trustee shall file with the Court within three (3) business days of the Response Deadline a notice that indicates the identity of all Competing Bidders and the amount of their respective Qualified Bids;

f. thereafter, the Trustee, in their sole discretion, will elect to either: (a) schedule an auction of the Remnant Assets in advance of the hearing date at which the Trustee will accept subsequent overbids for the Remnant Assets in additional increments of $1,000; or (b) notify Oak Point and any Competing Bidders of the date and time by which each party may submit to the Trustee by email its respective sealed best and final bid to determine the winning bidder, the identity of which the Trustee will disclose to Oak Point and the Competing Bidders within one (1) business day;

g. regardless of the election made by the Trustee under subparagraph (f) above, the Trustee will request that the Court approve the winning bidder as the purchaser at the hearing on the Motion.

## **Requested Relief**

15. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

## Authority for Requested Relief

16. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del.

7

1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

18. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

19. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of the Trustee's business judgment under the circumstances, and is in the best interests of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the

Court approve the sale of the Remnant Assets to Oak Point.

20. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

21. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

   a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   b. Such entity consents;

   c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d. Such interest is in bona fide dispute; or

   e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the

9

disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied. Thus, the sale of the Remnant Assets pursuant to section 363(f) should be approved.

22. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court provided that a Competing Bidder submits an overbid to purchase the Remnant Assets. The Bidding Procedures not only provide parties sufficient notice for participation, but also permit the Trustee to apply a fair, practical and efficient means to receive and evaluate overbids for the Remnant Assets. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g., In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

## Waiver of Stay of Order

23. To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## Notice

24. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: _November 7, 2024_____ SIMON, STELLA & ZINGAS, P.C.

By:__/S/ Stephen P. Stella
    STEPHEN P. STELLA (P33351)
    Attorney for Trustee
    645 Griswold, Suite 3466
    Detroit, Michigan 48226
    (313) 962-6400
    attorneystella@sszpc.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 7 |
| INTEGRATED HEALTH GROUP, P.C., | Case No. 15-53145-MLO |
| | Hon. Maria L. Oxholm |
| Debtor. | |

## ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Upon the Motion of Basil T. Simon, chapter 7 trustee ("Trustee") for the estate ("Estate") of the captioned debtor ("Debtor"), requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED in its entirety.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

6. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and

encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Oak Point with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 7 |
| INTEGRATED HEALTH GROUP, P.C., | Case No. 15-53145-MLO |
| | Hon. Maria L. Oxholm |
| Debtor. | |

## NOTICE OF FILING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Basil T. Simon has filed papers with the Court entitled, *Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief* ("Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within twenty-one (21) days of the date of this Notice, you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at:

United States Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.**

You must also mail a copy to: Stephen P. Stella, Esq., 645 Griswold, Ste. 3466, Detroit, MI 48226, Telephone No. 313-962-6400.

You must also email and mail a copy to: Janice A. Alwin, Chief Legal Officer, Oak Point Partners, LLC, 5215 Old Orchard Rd., Ste. 1000, Skokie, IL 60077; Janice@oakpointpartners.com.

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney does not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief.**

The Motion states:[1]

a. The Trustee is in the process of winding down the Debtor's bankruptcy case and has determined that there might exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned or transferred (collectively, "Remnant Assets"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

b. The Trustee has entered into a purchase agreement with Oak Point Partners, LLC ("Oak Point") for the sale of the Remnant Assets to Oak Point for a purchase price of $10,000.00 ("Purchase Price") pursuant to 11 U.S.C. §§ 105 and 363.

c. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets.

d. The Trustee believes that:

    i. The Purchase Price is the highest and best offer for the sale of the Remnant Assets; and

---

[1] Additional details regarding the sale of the Remnant Assets (as defined herein), including the proposed bidding procedures, can be found in the Motion filed contemporaneously herewith.

    ii. the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

The Trustee may conduct an auction of the property described in his Motion consistent with the Bidding Procedures set forth in the Motion. This sale may be adjourned without notice from time to time by the Trustee. Failure by the high bidder to timely close or tender the balance owed on the sale will result in forfeiture of any deposit provided. Copies of the offer and relevant pleadings relating to the sale are available upon request.

Dated: _November 7, 2024_____  SIMON, STELLA & ZINGAS, P.C.

               By: /S/ Stephen P. Stella
                  STEPHEN P. STELLA (P33351)
                  Attorney for Trustee
                  645 Griswold, Suite 3466
                  Detroit, Michigan 48226
                  (313) 962-6400
                  attorneystella@sszpc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  Case No. 15-53145-MLO

INTEGRATED HEALTH GROUP, P.C.,  Chapter 7

Debtor.  Hon. Maria Oxholm
_____/

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN)
                 ) ss.
COUNTY OF WAYNE)

I, Antinette Gaty, hereby certify that on November 7, 2024, I filed a copy of the following:

**Motion Of Chapter 7 Trustee For Order Approving The Sale Of Certain Assets Of The Debtor's Estate Free And Clear Of Liens, Claims, Interests, And Encumbrances Pursuant To 11 U.S.C. §§105 And 363 And Related Relief; Proposed Order; Notice Of Filing Motion Of Chapter 7 Trustee For Order Approving The Sale Of Certain Assets Of The Debtor's Estate Free And Clear Of Liens, Claims, Interests, And Encumbrances Pursuant To 11 U.S.C. §§105 And 363 And Related Relief and this Certificate of Service**

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF System has served all registered users.

Also, I have mailed a copy to all the following NON ECF participants:

John C. Bohl
24359 Northwestern Highway, Suite 250
Southfield, MI 48075

Oak Point Partners, LLC
5215 Old Orchard Rd., Ste. 1000
Skokie, IL 60077
 Attn: Janice A. Alwin

Robert Scharf
PO Box 39
Pleasant Lake, MI 49272

                                    /S/ Antinette Gaty
                                    ANTINETTE GATY
                                    645 Griswold, Ste. 3466
                                    Detroit, MI 48226

Subscribed and sworn to before me   (313) 962-6400
this 7th day of November, 2024        attorneystella@sszpc.com
                                            Secretary to Stephen P. Stella

/s/ Stephen P. Stella
STEPHEN P. STELLA, Notary Public
Oakland County, Michigan
My commission expires: 11-18-30